IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **Nina Laurenzo** § | Civil Action No. 4:16-CV-255-O |
| Plaintiff § | |
| § | |
| v. § | |
| § | **Complaint** |
| **Rent Recovery Solutions, LLC** § | **And** |
| § | **Demand For Jury Trial** |
| Defendants § | |
| § | **(Unlawful Debt Collection Practices)** |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Nina Laurenzo, (hereafter the "Plaintiff) by Counsel, and for her amended complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, brings this action under the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq*. FDCPA,.and the TEAS DEBT COLLECTION ACT, Texas Finance Code § 392, to obtain statutory damages, actual damages, declaratory relief, and other relief for the Defendants' violations of the FDCPA and the TDCA.

2. Defendant, Rent Recovery Solutions, LLC ("Recovery") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported obligation to Campus Crest at Denton L.P. d/b/a The Grove at Denton ("Campus Crest"). The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an apartment lease.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a).

4. Venue in the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) and because the acts and transactions occurred here and the Defendants transact business here.

5. Plaintiff is a citizen of the State of Texas, and a resident of Parker County, Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

6. Recovery is a debt collection agency engaged in the business of collecting consumer debts in the Northern district of Texas. The principal purpose of Recovery's business is the collection of consumer debts using the mails and telephone, and they regularly attempts to collect consumer debts for others. Recovery, is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code 392.001(6) as well as a Third Party Debt Collector as defined by Texas Finance Code 392.001(7).

**FACTUAL ALLEGATIONS**

7. On or about April 16, 2014 Plaintiff entered into a lease with Campus Crest. The lease was set to end on the last day of July, 2015. The lease agreement stated that plaintiff was to have carpets professionally cleaned upon move out, and that a walkthrough would be conducted with an employee of Campus Crest and documents would be signed then itemizing any damages. Plaintiff did hire a professional service and had the carpets steam cleaned. The walkthrough, as specified in the lease, never occurred, and no such paperwork was signed or generated. However, approximately 2 weeks before move out a representative of Campus Crest did a cursory walkthrough of the premises and gave Plaintiff the impression that there were no damages. No documentation was generated that day.

8. On or about December 2, 2015 Plaintiff received a demand letter from Defendant. The letter demanded $893.47 and claimed to be for GROVE DENTON TX which is not the name of the apartment complex or the landlord. It is attached as exhibit A. On December 10, 2015, less than 30 days after receipt of letter, Plaintiff by and through her parents, Dave and Hana Laurenzo, sent a written dispute, requesting validation, to the Plaintiff. That dispute letter was sent via Certified Mail, and signed for by Defendant, see exhibits B and C.

9. At no time did the Defendant ever send written verification of the original debt. Defendant did instead continue to attempt to collect by reporting it to at least one of the major consumer reporting services, namely Experian. As of August 6, 2016, Defendant still shows the disputed debt on the Plaintiff's Experian credit report. There is no annotation of the debt being disputed. In February Defendant sent a demand letter for the same debt, to Plaintiff's father, Dave Laurenzo, who had signed a personal guarantee on the original contract.

10. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

11. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff. Defendants knew or should have known that it had a duty to verify the debt upon receipt of written dispute from the Plaintiff and it did not do so.

12. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of Defendants' regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

**FIRST CLAIM FOR RELIEF**

13. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the following:

   a. In violation of 15 U.S.C. § 1692g(b), the Defendants failed, neglected, or refused to send written verification of the debt, or cease collection activity until debt could be verified.

   b. In violation of 15 U.S.C. § 1692e(5) and the "least sophisticated consumer standard," the Defendants threatened to take an action (and took such an action) which cannot legally be taken or that is not intended to be taken.

   c. In violation of 15 U.S.C. § 1692e(8) Defendant failed to communicate that the disputed debt is in fact disputed.

   d. In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included not sending Plaintiff proper verification of the debt and by continuing to engage in collection activity.

14. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**

15. In violation of Texas Finance Code § 392.202 the Defendant, who had reported this account to at least one credit bureau, Experian, failed to cease collection efforts, and failed to determine the accurate amount of the debt, if any.

16. Under Texas Finance Code § 392.403, Defendant's violations of the TDCA render them liable for statutory damages, actual damages, costs, and reasonable attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendants' actions violate the FDCPA.

2. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a)

3. Grant such further relief as deemed just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

Respectfully submitted,

s/ James A. Foley

By: _____
James A. Foley SBN 24055491
4116 West Vickery Blvd., #103
Fort Worth, Texas 76107
(817) 738-1633
Fax (866) 512-5807
ATTORNEY FOR PLAINTIFF
Nina Laurenzo